UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| BARBARA A. BOWERS | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:04-CV-444 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

**MEMORANDUM OPINION**

The plaintiff Barbara A. Bowers has filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for supplemental security income under the Social Security Act. The defendant has also filed a motion for summary judgment.

Ms. Bowers was born in 1951 and was 50 years old at the time of her administrative hearing. [Tr. 225]. She completed eighth grade and has relevant past work experience as a molding machine operator and assembler. [Tr. 15, 226]. Ms. Bowers alleges she is disabled as of October 9, 2001, from back pain, neck pain, chest pain, and coronary artery disease. [Tr. 15]. Based upon a finding that her severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Ms. Bowers was not disabled as defined by the Social Security Act. [Tr. 17].

At Ms. Bowers' administrative hearing held on October 17, 2002, the testimony of Ms. Bowers and vocational expert Dr. Norman Hankins was received into evidence. [Tr. 225-38]. Ms. Bowers testified she last worked as a mold machinery operator at a manufacturing plant. [Tr. 226]. She stated she was unable to work now because of severe back pain. [Tr. 227-28]. Ms. Bowers also suffers from coronary artery disease, dizziness when she walks, shoulder pain, numbness in her hands, nervousness, ringing in her ears, and headaches. [Tr. 229-30, 232-35].

Vocational expert Dr. Norman Hankins testified next and classified Ms. Bowers' past relevant work as a mold machinery operator and assembler as semiskilled and light. [Tr. 235]. The ALJ then asked the vocational expert to consider a woman of Ms. Bower's height, weight, education, and work background who retained the residual functional capacity [RFC] to perform medium work activity and was intellectually in the borderline range with an emotional disorder. [Tr. 236]. According to the vocational expert, such a person could work as a food service worker, laundry worker, maid, office cleaner, janitor, off bearer, machine feeder, hand packer, and assembler. [Tr. 236-37]. If Ms. Bowers' testimony at the administrative hearing was deemed credible and applied to the above hypothetical situation, such a person would not be able to perform at any work. [Tr. 237].

The ALJ ruled that Ms. Bowers was not disabled because her severe

2

impairments of obesity, a limited range of motion of the lumbar spine, a dysthymic disorder, and borderline intellectual functioning were not severe enough to warrant a finding of disability. [Tr. 17]. The ALJ then found Ms. Bowers retained the residual functional capacity [RFC] to perform medium exertion. [Tr. 18]. With those limitations, Ms. Bowers could return to her past relevant work as an assembler or work as a food service worker, laundry worker, maid, office cleaner, janitor, off bearer, machine feeder, and hand packer. [Tr. 18-19].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Bowers requests summary judgment and challenges the ALJ's finding that her impairments of chest pain and cervical pain with limited range of motion were not

3

severe impairments. In 1996, an echo Doppler study performed on Ms. Bowers indicated a normal size for her cardiac chambers and normal function. [Tr. 127]. In November 2001, Dr. Ted Cruz indicated Ms. Bowers was not disabled because she failed to comply with his directive to lose weight. [Tr. 152-53]. The doctor believed her obesity caused most of her symptoms to worsen. [Tr. 154]. In December 2001, Dr. Karl Konrad found she had limited range of motion in her cervical and lumbar spine; however, the doctor also opined in May 2002 that Ms. Bowers did not have any impairment-related limitations. [Tr. 157, 193]. A X-ray performed on her spine in June 2002 indicated no acute abnormalities. [Tr. 205]. Given the above medical findings, the ALJ's decision that Ms. Bowers' impairments of chest pain and cervical pain with limited range of motion were not severe was made with substantial evidence.

Ms. Bowers also contends the ALJ erred by failing to consider her impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ referred to Ms. Bowers' impairments three times in his decision. [Tr. 17, 18]. The ALJ focused Ms. Bowers' RFC on her obesity, limited

4

range of motion of the lumbar spine, a dysthymic disorder, and borderline intellectual functioning. [Tr. 17]. Finally, the hypothetical question the ALJ asked the vocational expert focused on Ms. Bowers' borderline intellectual functioning and emotional disorder, *inter alia*. [Tr. 236]. Based on the Sixth Circuit framework, the ALJ considered Ms. Bowers' impairments in combination.

Next, Ms. Bowers argues the ALJ should have found her disabled pursuant to Social Security Ruling [SSR] 00-3p. As of September 12, 2002, SSR 00-3p was superseded by SSR 02-1p, which states that an ALJ can consider a claimant's obesity in determining whether she has a severe impairment, whether her impairments meet or equal a listed impairment, and whether her impairments prevent her from performing her past relevant work or any other work. In Ms. Bowers' case, the ALJ did just that. The ALJ found that her obesity was a severe impairment but, like three state agency physicians, was not severe enough for a finding of disability. [Tr. 17, 152, 171, 193]. Based upon SSR 02-1p and the opinions of several physicians, the ALJ did not err in his finding that Ms. Bowers' obesity was not severe enough for a finding of disability.

Finally, Ms. Bowers claims the ALJ erred in failing to clarify the weight limitations established by consultative physician Dr. Konrad. When Dr. Konrad examined Ms. Bowers in December 2001, he neglected to mention the exact poundage

5

she could occasionally and frequently lift/carry. [Tr. 157]. He did state that she could sit/stand/walk for six hours in an eight-hour workday. [*Id.*]. When Dr. Konrad examined Ms. Bowers again in May 2002, he concluded she did not have any impairment-related physical limitations. [Tr. 193]. Because the ALJ found that Ms. Bowers did have impairment-related physical limitations, his failure to determine specifics about Dr. Konrad's 2001 opinion was irrelevant and constitutes harmless error.

After careful consideration of the entire record of proceedings related to this case, Ms. Bowers' motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE